RECEIVED

MAR 1 4 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| Domingo Cueto Estrada, ) | **08 C 50042** |
| Plaintiff, ) |  |
| v. ) | Complaint |
| ) | **JUDGE REINHARD** |
| ) | **MAGISTRATE JUDGE MAHONEY** |
| Ruth Dorochoff, Chicago District Director, ) |  |
| U.S. Citizenship and Immigration Services; ) | Case No. _____ |
| Michael Chertoff, Secretary, ) |  |
| Department of Homeland Security; and ) |  |
| Emilio T. Gonzales, Director, ) |  |
| U.S. Citizenship and Immigration Services, ) |  |
| ) |  |
| Defendants. ) |  |

## COMPLAINT

Plaintiff, Domingo Cueto Estrada ("Mr. Cueto"), hereby petitions this Court for

injunctive and declaratory relief, requesting the Court to find that the rescission of his status as a

legal permanent resident (LPR) was unlawful, and that the unlawful rescission deprived him of

his due process rights as guaranteed by the Constitution. Mr. Cueto is currently challenging his

final order of removal, pursuant to 8 U.S.C. § 1252(b)(9), before the Seventh Circuit Court of

Appeals. By this complaint, Mr. Cueto does not seek to challenge his final removal order, but

rather alleges regulatory violations, Administrative Procedure Act (APA) violations, and

constitutional due process violations, all of which are under the jurisdiction of this Court. In

support of this complaint, Mr. Cueto alleges as follows:

1

## JURISDICTION

1.    This action arises under 28 U.S.C. § 1331, the Immigration and Nationality Act

(INA), 8 U.S.C. § 1101 *et seq.,* as amended by the Illegal Immigration Reform and Immigrant

Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-208, 110 Stat. 1570; the Foreign Affairs

Reform and Restructuring Act of 1998 (FARRA), Pub. L. No. 105-277, 112 Stat. 2681-822; the

Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.,* and the Constitution of the United

States.

## VENUE

2.    On information and belief, Defendant Ruth Dorochoff resides in the Northern

District of Illinois.  Venue lies in the United States District Court for the Northern District of

Illinois, as one or more Defendants reside in the Northern District of Illinois, and as the decision

to rescind Mr. Cueto's LPR status was made within the Northern District of Illinois.

## PARTIES

3.    Mr. Cueto is a citizen of Mexico who has lived in the United States continuously

since 1987.  He has been in the custody of Immigration and Customs Enforcement (ICE) since

January 2006.

4.    Defendant Ruth Dorochoff is the Chicago District Director for the U.S.

Citizenship and Immigration Services (USCIS).  Her office is the successor office to the Chicago

District Office of the Immigration and Naturalization Service, which purported to rescind Mr.

Cueto's permanent resident status.  Additionally, her office has refused to reopen that case or to

consider whether proper service on Mr. Cueto had been made in his case.

2

5.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security, the agency with overall responsibility for the administration of USCIS and the enforcement of the Immigration and Naturalization Act.

6.      Emilio T. Gonzales is the Director of USCIS, a successor agency to the Immigration and Naturalization Service. The agency he administers has authority to implement the Immigration and Naturalization Act, as it relates to rescission of permanent resident status.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

7.      Mr. Cueto first entered the United States from Mexico, his native country, in approximately 1984. Mr. Cueto resided in Texas, where he engaged in farm work, and remained in the United States until December of 1985, when he traveled back to Mexico. Mr. Cueto returned to the United States in August of 1987, and has resided continuously in the country since that time.

8.      In 1988, Mr. Cueto learned that he could apply for his LPR status through the Special Agricultural Worker (SAW) legalization program based on his past work as a farmhand in Texas. He applied to the former Immigration and Naturalization Service (INS) for temporary resident status on November 30, 1988 under the SAW program. Mr. Cueto was initially granted temporary residence as a farm worker, and thereafter obtained lawful permanent resident status on December 1, 1990.

9.      The former Immigration and Naturalization Service was abolished by Act of Congress 2002 and its functions transferred to various agencies. Its role regarding rescission of LPR status is now a function of USCIS.

3

10.     For over fourteen years, Mr. Cueto believed he had valid LPR status. However, in January of 2005, he was taken into the custody of the Department of Homeland Security (DHS) following a 1999 Illinois conviction for Possession of a Controlled Substance. He was then informed that his LPR status purportedly had been rescinded by the former INS in 1996.

11.     The DHS has alleged that Mr. Cueto had been notified of the former INS's intent to rescind his LPR status in 1995 via mail and had failed to respond. The basis for rescission of his LPR status was his alleged submission of fraudulent documents in support of his SAW application – an allegation which Mr. Cueto denies. The government adduced no evidence of any kind to support its contention that documents submitted by Mr. Cueto were fraudulent. Moreover, Mr. Cueto was never notified of the agency's intent to rescind his status. A copy of Mr. Cueto's affidavit attesting to these facts is attached as Exhibit A.

12.     An administrative order of removal under 8 U.S.C. § 1228(b) results in automatic order of removal for certain individuals without opportunity for a hearing before an Immigration Judge (IJ), whereas under 8 U.S.C. § 1229, proceedings before an Immigration Judge are required before an order of removal can be issued, if at all.

13.     DHS issued an administrative order of removal pursuant to 8 U.S.C. § 1228(b). As the basis for its decision to issue an administrative order instead of placing Mr. Cueto in removal proceedings, DHS contended that: 1) Mr. Cueto did not have LPR status as a result of the purported 1996 rescission; and 2) his Illinois conviction for Possession of a Controlled Substance constituted an aggravated felony. Neither of these contentions was valid. The decision to issue an administrative order was therefore invalid and without basis.

4

14.     Mr. Cueto challenged the order of removal as a pro se petitioner, arguing that his conviction did not constitute an aggravated felony and submitting evidence of his LPR status to DHS. He timely petitioned the Seventh Circuit Court of Appeals for review of the administrative removal order, again as a pro se petitioner. *Cueto Estrada v. Gonzales*, No. 05-4626, (7th Cir. Nov. 7, 2005). Subsequently, in light of the Court of Appeal's holding in *Gonzalez-Gomez v. Achim*, 441 F. 3d 532 (7th Cir. 2006), finding that a state felony conviction for possession of a controlled substance was not an aggravated felony, the Government informed the Court of Appeals that it had cancelled Mr. Cueto's Administrative Removal Order, and had instituted removal proceedings before the IJ.

15.     The finding that a state felony conviction for drug possession does not constitute an aggravated felony allowed legal permanent residents with such convictions to apply for a waiver of removal pursuant to 8 U.S.C. § 1229b(a).

16.     After the administrative order of removal under 8 U.S.C. § 1228(b) was cancelled, Mr. Cueto was placed into removal proceedings pursuant to 8 U.S.C. § 1229a. During removal proceedings, Mr. Cueto—who at all times maintained that he has valid LPR status—sought to apply for a waiver of his removal as an LPR under 8 U.S.C. § 1229b(a). Relief under that section is available only to permanent residents. Mr. Cueto showed that he had received neither notice of the INS's intent to rescind his LPR status in 1995 nor of the final rescission notice in 1996. Accordingly, Mr. Cueto argued the rescission could not stand and asked the IJ to find that he remained an LPR for purposes of applying for a waiver of removal under 8 U.S.C. § 1229b(a).

5

17.     While in removal proceedings, Mr. Cueto also filed a Motion to Rescind the 1996 Decision to Rescind his LPR status with USCIS on February 9, 2007. USCIS denied his motion as untimely on March 22, 2007 and Mr. Cueto filed another Petition for Review of the USCIS decision with the Seventh Circuit on April 23, 2007. *Cueto Estrada v. Gonzales*, No. 07-1909 (7th Cir. Apr. 23, 2007). The Seventh Circuit dismissed the Petition for lack of jurisdiction on June 22, 2007, because Mr. Cueto was no longer under a final order of removal.

18.     Meanwhile, the Immigration Judge, relying on the government's assertion that Mr. Cueto's LPR status had been rescinded in 1996, and finding that he did not have jurisdiction over the former INS's decision to issue the rescission nor to decide whether service and notice of the decision were proper, issued a final order of removal in Mr. Cueto's case on April 19, 2007. A copy of the IJ's decision is attached hereto as Exhibit B.

19.     The Board of Immigration Appeals (BIA) affirmed the final order of removal on January 24, 2008. A copy of the BIA's decision is attached hereto as Exhibit C. Mr. Cueto filed a Motion to Stay his Removal and a Petition for Review in the Seventh Circuit on January 29, 2008. The Seventh Circuit granted Mr. Cueto's Motion to Stay Removal pending resolution of his Petition for Review on March 6, 2008. A copy of the Seventh Circuit's decision is attached hereto as Exhibit D.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

### I.     The Rescission of Mr. Cueto's Status Was Unlawful under Applicable Regulations.

20.     The regulations governing rescission of LPR status require that notice of the intent to rescind be made by "personal service." 8 C.F.R. § 246.1. "Personal service" includes

6

service by "certified or registered mail, return receipt requested." 8 C.F.R. § 103.5a(a)(2)(iv).

The same regulations define "routine service" to require only mailing a copy of the notice by

"ordinary mail," expressly differentiating between the two forms of service. 8 C.F.R. §

103.5a(a)(1). Accordingly, these regulations require that notice of intent to rescind LPR status

be made by certified mail, return receipt requested, or its equivalent.

21.     In the absence of evidence that there has been an attempt at delivery, there is "no

meaningful distinction between service by regular mail and service by certified mail." *Adeyemo*

*v. Ashcroft*, 383 F.3d 558, 561 (7th Cir. 2004). Even in cases where evidence of receipt does

exist, a sworn denial of receipt is adequate to create an issue of fact that should be reviewed on

the merits by an immigration judge. *Joshi v. Ashcroft*, 389 F.3d 732 (7th Cir. 2004).

22.     In this case, the government has furnished no proof at all that delivery of the

Notice of Intent to Rescind or the rescission was attempted. Further, there is no evidence that

either notice was sent by certified mail, as required by the regulations. Considering the complete

absence of evidence of receipt or of mailing via certified mail, the mailing in this case is

equivalent to ordinary mail. The regulations expressly exclude service by ordinary mail when

personal service is required. 8 C.F.R. § 103.5a(a).

23.     Moreover, when the notice in question is an initial notice, serving to make an

individual aware that proceedings have been initiated, it is of utmost importance that the

individual actually receives the notice. Mr. Cueto's status was rescinded after nearly five years

as a permanent resident. Because he never received proper notice, he was entirely unaware that

rescission proceedings had been initiated and was never afforded an opportunity to challenge the

basis for such proceedings.

7

24.     Because Mr. Cueto was not properly served with notice, the rescission of his status was in violation of the regulations cited above.

## II.    USCIS Improperly Refused to Rescind the Rescission Order in Violation of the Regulations.

25.     Failure to file a motion to reopen a decision within thirty days "may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner." 8 C.F.R. § 103.5(a).

26.     Mr. Cueto did not receive timely notice that his LPR status had been rescinded due to INS's failure to effect proper service. Because Mr. Cueto did not learn that his LPR status had been rescinded until years after the rescission had taken place, Mr. Cueto's failure to file a motion to reopen within thirty days was due to circumstances beyond his control and was reasonable under the circumstances.

27.     Courts may review denial of a motion to reopen for abuse of discretion. *Dobrota v. INS*, 311 F.3d 1206, 1211 (9th Cir. 2002). USCIS abuses its discretion when it acts "arbitrarily, irrationally, or contrary to law." *Id.*

28.     Here, USCIS acted arbitrarily, irrationally and contrary to law by denying the motion to rescind the rescission of Mr. Cueto's LPR status for untimeliness where Mr. Cueto's failure to timely file was reasonable and due to circumstances beyond his control and was due entirely to the fault of the INS in failing to effect personal service as required by its own regulations.

8

III.    **Alternatively, If the Regulations Allow for Rescission of LPR Status Where Delivery of Notice Has Not Been Attempted, then the Administrative Regulations Violate the Standards of the Administrative Procedure Act.**

29.    In order to be a valid exercise of a congressional grant of power, a regulation must "harmonize with the plain language of the statute" that it interprets. *Nat'l Muffler Dealers Ass'n, Inc. v. U.S.*, 440 U.S. 472, 477 (1979). The regulations must give effect to and be fully consistent with the intent of Congress as expressed in the statute and the legislative history. *See Chevron v. NRDC*, 467 U.S. 837, 843 (1984). An agency's action in promulgating standards may be set aside if the regulations are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a); *Motor Vehicles Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 41 (1983).

30.    The regulations governing notice in the context of rescission require personal service, which may be by certified mail, return receipt requested. 8 C.F.R. 103.5a(a)(1). Analogous provisions of the INA offer guidance as to what is proper "personal service." For example, INA Section 239(c) requires that, in order for an individual to be ordered removed in absentia, there must be proof of attempted delivery of the Notice to Appear. 8 U.S.C. § 1229(c). The requirement that there must be some proof in the record that delivery has been attempted should apply equally in case of rescission of an individual's permanent residence.

31.    In Mr. Cueto's case, as a legal permanent resident for nearly five years, he had no reason to suspect that his status was being questioned, nor that he would be expected to respond to any allegations that he had improperly obtained his LPR status years earlier. It is capricious and arbitrary to offer more protection to individuals already in removal proceedings or residing unlawfully in the United States than is offered to a permanent resident. The purposes behind

9

such notice requirements apply with even greater force in Mr. Cueto's case, and nothing in the record demonstrates that the government followed such procedures in Mr. Cueto's case. Given the requirements regarding notice and personal service in the statute, the only way to interpret the regulations in harmony with the statute is to require proof of attempted service.

32.    The INS's actions in rescinding Mr. Cueto's LPR status are especially arbitrary considering that the regulations governing rescission in cases where a person <u>does</u> receive notice entitle the individual to contest the allegations before the Service or before an Immigration Judge. Denying this critical right to be heard to someone simply because he did not receive notice that his legal permanent resident status may be rescinded is certainly an arbitrary and capricious interpretation of the statute governing rescission, not in accordance with statutory requirements, congressional intent, or other similar provisions of the regulations.

33.    The regulations on time limits for filing a Motion to Reopen are arbitrary and capricious. The regulations under which Mr. Cueto requested that the government re-open the rescission proceedings, 8 C.F.R. § 103.5(a), provide that the failure to timely file a motion to reopen "may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner." In this context, a sworn denial of receipt is enough to raise a legitimate issue of fact, calling for a hearing. *Joshi v. Ashcroft*, 389 F.3d 732, 735 (7th Cir. 2004). Allowing the government to exercise unfettered discretion, however, is in opposition to the standards directly approved by Congress for removal proceedings. For example, INA Section 240(b)(5)(C)(ii) provides that an in absentia removal order may be rescinded through a timely filed motion to reopen. 8 U.S.C. § 1229a(b)(5)(C)(ii).

The statute also provides, however, that such a motion may be filed *at any time* if the person can show that they did not receive notice.

34.    Further, in this context, the basis for reopening is not sufficiency of service, but actual receipt. *Sabir v. Gonzales*, 431 F.3d 456, 459 (7th Cir. 2005). Mr. Cueto did not in fact receive notice in this case. On this basis alone the rescission order should be reopened.

### IV.    The Rescission of Mr. Cueto's Permanent Residence Was a Violation of Mr. Cueto's Fifth Amendment Right to Due Process.

35.    Aliens are entitled to due process rights in deportation proceedings. *Nazarova v. INS*, 171 F.3d 478, 482 (7th Cir. 1999); *Kwong Hai Chew v. Colding et al.*, 344 U.S. 590, 597-98 (1953). To fulfill due process requirements, the individual must have a meaningful opportunity to be heard before he is ordered deported. *Nazarova*, 171 F.3d at 482. A "meaningful opportunity" also requires proper service, such that the individual is aware of the proceedings initiated against him.

36.    In Mr. Cueto's case, the relevant regulations permit service by mail, but only if effected by certified mail and a Return Receipt is requested. 8 C.F.R. § 246.1; 8 C.F.R. § 103.5a(a)(2(iv). Where service may lawfully be effected by certified mail, service only fulfills the requirements of due process if the government has received confirmation of delivery. If the government has received no such confirmation, it must take additional steps to apprise the individual of the proceedings. *See Jones v. Flowers*, 547 U.S. 220 (2006) (holding that where the government obtains knowledge that service was not in fact effectuated by means of certified mail, the government cannot proceed without making further attempts to notify the individual that it intends to take something of value).

37.    In the case at hand, the underlying issue is the rescission of Mr. Cueto's status. Such rescission affected Mr. Cueto's legitimate interest in his status as a permanent resident, a property interest that can only be taken through due process. The decision by the District Director to rescind Mr. Cueto's status also resulted in deportation proceedings for Mr. Cueto, further implicating his right to due process under *Nazarova*. As the government did not receive a signed Return Receipt after mailing the Notice of Intent to Rescind, it was well aware that the Notice had not in fact been properly delivered under the regulations, and was obligated to take additional steps to notify Mr. Cueto of the rescission proceedings. No such steps were taken in Mr. Cueto's case.

38.    In order to have a meaningful opportunity to be heard on the basic issues in these proceedings, as is required under *Nazarova*, Mr. Cueto must have adequate notice and a chance to address the rescission on its merits. This opportunity was denied to Mr. Cueto, as his Motion to Reopen before the District Director was denied solely on the basis that it was untimely. The IJ and BIA have also refused to address the merits of the case. This denial of Mr. Cueto's right to be heard is a violation of due process.

## V.    Mr. Cueto Has Been Prejudiced by the Violation of his Due Process Rights.

39.    In order to prevail on a substantive due process claim, an individual must show that he has been prejudiced by the violation of his due process rights. In order to show prejudice in immigration proceedings, Mr. Cueto is required to show that the government's error affected the outcome of the proceedings. *See Alimi v. Gonzales*, 489 F.3d 829, 834 (7th Cir. 2007).

40.    An order of rescission entered as a result of an individual's failure to respond to a
Notice of Intent to Rescind may constitute prejudice resulting in a violation of due process.
*Szczesny v. Ashcroft*, 358 F.3d 464 (7th Cir. 2004) (holding that petitioner had failed to timely
raise this due process issue).

41.    In this case, Mr. Cueto timely raised the issue of due process violation before both
the BIA and the Seventh Circuit. Further, it is clear that the government's failure to provide
proper notice or to address Mr. Cueto's arguments through a Motion to Reopen has affected the
outcome of the proceedings. The government has offered no evidence that Mr. Cueto procured
his legal permanent residence through fraud, the allegation that is the sole basis for the
rescission. Further, other evidence in the application, including affidavits, corroborates the fact
that Mr. Cueto validly obtained his status. Mr. Cueto has stated in an affidavit that had he
received notice that his status was in jeopardy, he would have responded to the allegations of
fraud. Attached at Exhibit A. Given the fact that the government has nothing more than
unsupported suspicions that Mr. Cueto's SAW application was fraudulent, he also most likely
would have prevailed over the government.

42.    Further, there is no doubt that the rescission deprived Mr. Cueto of an opportunity
to apply for Cancellation of Removal, a statutory right granted to legal permanent residents in
removal proceedings. 8 U.S.C. § 1229b(a). If a person meets the statutory time limitations for
permanent residence, an application for cancellation of removal should be considered. *In re
Deanda-Romo*, 23 I. & N. Dec. 597 (2003). Had Mr. Cueto's status not been unlawfully
rescinded, he would have had this opportunity. Given Mr. Cueto's more than twenty years of

residence in the United States, Mr. Cueto also had a significant chance of prevailing in his application for cancellation of removal.

43.    Because the INS's failure to notify Mr. Cueto of the impending rescission of his status prejudiced a legitimate property interest of Mr. Cueto, such violation constitutes a denial of Mr. Cueto's right to due process.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF REGULATIONS

44.    Mr. Cueto re-alleges and incorporates by reference all preceding paragraphs as if set forth here in full.

45.    Mr. Cueto was not properly served with notice of intent to rescind his LPR status.   The rescission of his status was thus in violation of the relevant regulations.  8 C.F.R. § 246.1;  8 C.F.R. § 103.5a(a)(2)(iv).

### COUNT TWO
### THE ADMINISTRATIVE REGULATIONS VIOLATE THE ADMINISTRATIVE PROCEDURES ACT

46.    Mr. Cueto re-alleges and incorporates by reference all preceding paragraphs as if set forth here in full.

47.    Alternatively, the regulations governing service of rescission notices and motions to reopen are arbitrary and capricious in violation of the Administrative Procedures Act. 5 U.S.C. § 706(2)(a); *Motor Vehicles Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 41 (1983).

14

## COUNT THREE
## PROCEDURAL DUE PROCESS VIOLATION

48.    Mr. Cueto re-alleges and incorporates by reference all preceding paragraphs as if set forth here in full.

49.    Based on the foregoing, the INS's failure to notify Mr. Cueto of the impending rescission of his status prejudiced a legitimate property interest of Mr. Cueto, constituting a violation of the Mr. Cueto's right to due process.

## COUNT FOUR
## SUBSTANTIVE DUE PROCESS VIOLATION

50.    Mr. Cueto realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

51.    Mr. Cueto has been deprived of his liberty interest to be free of bodily restraint. The Fifth Amendment forbids deprivation of liberty without due process of law. *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001). In the non-criminal context, government detention violates the Due Process Clause unless a special justification outweighs an individual's liberty interest. *Zadvydas*, 533 U.S. at 690.

52.    Mr. Cueto has now been detained for over two years. The government has not given any justification for this detention, as Mr. Cueto's petition for release was denied on jurisdictional grounds. The government has failed to show that there is any special justification that outweighs Mr. Cueto's liberty interest.

53.    Further, in the context of immigration detention, an individual in Mr. Cueto's situation is entitled to even greater protection in a due process analysis than are other removable aliens. Resident aliens subsequently ordered removed merit greater protection as a result of their

previous status as permanent residents. *Hoyte-Mesa v. Ashcroft*, 272 F.3d 989, 991 (7th Cir.

2001). The importance of this protection is self-evident in Mr. Cueto's case, where his status as

a permanent resident was rescinded without notice to him and without any sort of meaningful

procedural protection.

54. Because the government has no special justification for its continued detention of

Mr. Cueto, such detention is a violation of Mr. Cueto's right to due process.


### PRAYER FOR RELIEF

WHEREFORE, Mr. Cueto prays that this Court grant the following relief:

1) Find that the INS's rescission of Mr. Cueto's legal permanent status was improper due to lack of notice and remand the matter for a hearing before the USCIS District Director, granting Mr. Cueto ample opportunity to prepare and compelling the government to present evidence in support of their case;

2) Find that USCIS's refusal to consider Mr. Cueto's Motion to Reopen improper and remand the matter for a hearing before the USCIS District Director, granting Mr. Cueto ample opportunity to prepare and compelling the government to present evidence in support of their case;

3) Award Mr. Cueto attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

4) Grant any other and further relief which this Court deems just and proper.

Respectfully submitted,

March 14, 2008

__/s/ Melville W. Washburn _____
Melville W. Washburn
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60640
(312) 853-2070
(312) 853-7036 (fax)
Counsel for Domingo Cueto Estrada          mwashburn@sidley.com

16

## CERTIFICATE OF SERVICE

I certify that on March 14, 2008, I caused copies of the foregoing Complaint to be served

on the following persons by overnight courier and email.

Michael Chertoff
U.S. Department of Homeland Security
245 Murray Lane, SW
Washington, DC 20528

Emilio Gonzales
USCIS Office of the General Counsel
United States Department of Homeland Security
245 Murray Lane, SW
Washington, DC 20528

U.S. Citizenship and Immigration Services
Office of the General Counsel
United States Department of Homeland Security
245 Murray Lane, SW
Washington, DC 20528

Attorney General Michael Mukasey
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Attorney, Northern District of Illinois
Everett McKinley Dirksen Building
219 South Dearborn Street, 5th Fl.
Chicago, Illinois 60604

Ruth Dorochoff
Chicago District Director, U.S. Citizenship and Immigration Services
c/o Debra Gordon, CIS Local Area Counsel
230 S. Dearborn St., 23rd Floor
Chicago, IL 60604

_____/s/ Melville W. Washburn _____

## AFFIDAVIT OF DOMINGO CUETO ESTRADA
### A93 031 549

I, Domingo Cueto Estrada, under penalty of perjury, hereby declare the following:

1.  My name is Domingo Cueto Estrada.  I was born on March 17, 1964 in the town of San Lucas de Ocampos, in the state of Durango, in the country of Mexico.

2.  I came to the United States for the first time in approximately August of 1984.  It is very hard for me to recall the exact date because it has been so long.

3.  When I came to the United States, I came to the State of Texas, where I did farm work.  I worked picking tomatoes and other fruit and vegetables depending on the season.

4.  I left the United States for Mexico in approximately December of 1985 and returned again sometime in 1987 to live with my sister in the State of Illinois.  Since then, I left the United States only one time in 1993 to the Texas-Mexico border to sell a truck.

5.  In 1988, while living in Carpentersville, Illinois, I heard about a program for people who had worked on the farms to apply for their permanent residence in the United States. Since I had worked on the farms, I believed I was eligible and applied.

6.  Domingo Luna is the individual who prepared my application.  At the time, there were two well-known individuals who helped people like me with immigration matters.  One was a woman, whose name I cannot recall, and the other was Domingo Luna.  I do not believe he was an attorney, he just worked for a center that helped people file applications.

7.  I recall that I had written to my boss in Texas, for whom I had worked when I first came in to the United States, to request that he write a letter for me to confirm that I worked on his ranch.  I cannot now recall his name, or the name of the ranch.  He sent the signed letter back to me.

8.  After that I went to see Domingo Luna and he helped me prepare my application.  I took all of the documents that I needed: the letter, my birth certificate and all of the other necessary documents.  I submitted them all to Domingo Luna and he mailed my application.  I did not provide any false information or documents to Mr. Luna.

9.  Then I was interviewed by an immigration officer and my application was approved, but I cannot recall the exact date.  I first got temporary residence and then later got my permanent residence card in 1990.

10. In January of 2005, I was detained by the immigration authorities because I had a conviction for possession of drugs.  I did not really understand all of the legal aspects of my immigration case for a long time because I could not afford an attorney and was

representing myself. I understood that the immigration authorities had ordered my deportation because I was not a permanent resident and I had an aggravated felony.

11. When the immigration authorities detained me in 2005, I answered to their charges by giving them proof that I had received my green card in 1990 and I denied that my drug conviction was an aggravated felony. I believed I had proven to the immigration authorities that I was a lawful permanent resident because I gave them proof of my green card when they issued an order of deportation in 2005. I believed this was sufficient to prove I was a permanent resident of the United States and that I had to continue to fight my case because immigration claimed my conviction was for an aggravated felony.

12. Only after getting an attorney from the National Immigrant Justice Center did I understand that the immigration authorities claim that they notified me that they were going to take away my permanent resident status in 1996 and that because I never responded, they did take away my green card at that time. But, I never received any notification or any letter that they wanted to take my permanent resident status from me or why and I never received any notification that they did take away my green card.

13. I did not report my change of address with the immigration authorities over the years because I did not know that I was required to do this. I always did change my address with the post office, so even though I moved, I believe I should have received any letters that immigration says they sent me.

14. If I would have received a letter from the immigration authorities telling me that they wanted to take away my green card, or that they did take my green card, I would have definitely fought this because I did not do anything wrong to obtain my permanent residence status in the United States. That is why I have been fighting my case for so long even though I have now been detained for 2 years. But I must fight my case because I do not believe what is happening to me is correct or fair.


I have provided the foregoing statement in my native language, which is Spanish. The statement has been read back to me in Spanish and I agree that it is true and correct to the best of my ability.



_Domingo Cueto Estrada_
Domingo Cueto Estrada

_01-14-2008_
Date


2

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Chicago, Illinois

File No.:  A 93 031 549                    April 19, 2007

In the Matter of              )
                              )
DOMINGO CUETO ESTRADA         )     IN REMOVAL PROCEEDINGS
                              )
              Respondent      )

CHARGES:     Section 212(a)(6)(A)(I) of the Immigration and
             Nationality Act, as amended - alien present
             without inspection, parole, or admission.

             Section 212(a)(2)(A)(i)(II) of the Immigration and
             Nationality Act - controlled substance violation.

APPLICATION: Cancellation of removal, pursuant to Section
             240A(a) of the Immigration and Nationality Act for
             certain lawful permanent residents.


ON BEHALF OF RESPONDENT:        ON BEHALF OF DHS:

Linus Chan, Esquire             Seth B. Fitter
208 South LaSalle Street        Assistant Chief Counsel, ICE
Suite 1818                      55 East Monroe Street
Chicago, IL 60604               Suite 1700
                                Chicago, IL 60603

<u>ORAL DECISION OF THE IMMIGRATION JUDGE</u>

The respondent is a male native and citizen of Mexico.  On

January 12, 2007, the Department of Homeland Security issued a

Notice to Appear charging that the respondent is subject to

removal from the United States pursuant to the above-captioned

sections of the Immigration and Nationality Act ("the Act").  <u>See</u>

Exhibit 1.

A number of continuances were granted in the case,

throughout the period of several months.  Eventually, at a

1

hearing held before this Court, the respondent through counsel admitted allegations one through five and seven, as contained in the Notice to Appear. The respondent also concedes that he is removable for having been convicted of violating any offense relating to a controlled substance. Respondent denied the allegation six contained in the Notice to Appear and the charge of removability under Section 212(a)(6).

In support of removability, the Department of Homeland Security submitted a number of documents. Relating to the allegation that the respondent had been convicted of a controlled substance offense, the Department presents evidence from McLean County Court showing respondent's violation of 720ILCS 570-402(c) for possession of a controlled substance and a number of violations of probation for that offense. See Exhibit 3. The Department also submitted a Notice of Rescission of Lawful Permanent Resident Status. See Exhibit 2. Also submitted, a copy of the Notice of Intent to Rescind. See Exhibit 4.

Although the respondent denies the allegation that his status had been rescinded due to fraud, the evidence presented by DHS clearly establishes that the INS did, in fact, rescind the respondent's lawful permanent resident status due to fraud. The respondent does not appear to contest that the rescission actually took place, the respondent appears to contest the procedure relating to service of the notice in that case. The respondent submitted a copy of a motion, filed with Citizenship

and Immigration Services branch of DHS, requesting that the rescission be reopened due to service deficiencies. <u>See</u> Exhibit 6. In that motion the respondent argues that the rescission should have been instituted by personal service of the Notice of Intent to Rescind. The respondent cites the regulations under Section 246, stating the service shall be personally accomplished.

Relating to the service issue, the Department argues that personal service was accomplished because it was sent by certified mail. The respondent does not contest that the notice was sent by certified mail, rather he indicates through counsel that the certified mail was not received. As stated by the Government, certified mail does meet the definition of personal service. Whether the personal service accorded in this case was properly conducted is an issue that this Court does not have jurisdiction over.

In the <u>Matter of Rodriquez-Esteban</u>, the Board of Immigration Appeals ruled that neither the Board nor the Immigration Judge has jurisdiction over the District Director's decision in rescission matters. <u>Matter of Rodriquez-Esteban</u>, Int. Dec. 3115 (BIA 1989). The facts and circumstances in <u>Matter of Rodriquez-Esteban</u> are somewhat analogous to this case. Respondent there argued that he had made a timely request for a rescission proceeding. In this case, the respondent argues that he did not properly obtain service and, therefore, the decision to rescind

was improper. As I indicated, <u>Rodriguez-Esteban</u> makes it clear that this Court does not have jurisdiction to consider the propriety of the District Director's decision in the rescission matter. The Board withdrew from its previous holding in <u>Matter of Saunders</u>, 16 I&N Dec. 326 (BIA 1977), which did imply that the Court had jurisdiction over service issues in a rescission case.

Based on the evidence that has been presented, it does appear clear that the respondent's status was rescinded on July 1, 1996, as alleged in the Notice to Appear. In both the pleading before this Court and in his application for relief, respondent concedes that he had initially entered the United States without being admitted, paroled, or inspected by an Immigration officer. Under Section 246 of the Act, once adjustment of status has been rescinded the person shall, thereupon, be subject to all provisions of the Act to the same extent as if the adjustment of status had not been made. Therefore, respondent, after having been rescinded lawful permanent resident status, is subject to removal from the United States for entering the United States without being inspected, admitted or paroled. Consequently, the Court finds removability on both charges has been established by evidence which is clear and convincing.

The respondent argues that, notwithstanding the fact that rescission has occurred, he is still eligible for cancellation of removal for certain lawful permanent residents. Respondent

argues that because the rescission notice was improper the Court can still look to that issue in determining whether respondent meets the statutory eligibility for cancellation of removal.

In order to obtain cancellation of removal for certain lawful permanent residents, by the very terms of that statute, the respondent must be a lawful permanent resident. The statute goes on to require that the applicant have been lawfully admitted for permanent residence for not less than five years and have resided in the United States continuously after having been admitted in any status. The rescission statute makes it clear that once rescission occurs the respondent shall be treated as though the adjustment of status had never occurred. Consequently, the respondent cannot establish that he has been lawfully admitted for permanent residence for not less than five years, that he is a lawful permanent resident, or that he has resided continuously for seven years after having been admitted in any status. Therefore, this Court finds that as the respondent is no longer a lawful permanent resident he cannot establish statutory eligibility for cancellation of removal for certain lawful permanent residents. The respondent in this case did timely file his application for cancellation of removal but he appears, to this Court, to be statutorily ineligible for the relief sought. <u>See</u> Exhibit 7.

Therefore, the following order will be entered:

<u>ORDER</u>

IT IS HEREBY ORDERED that the respondent's application for cancellation of removal for certain lawful permanent residents, pursuant to Section 240A(a) of the Act, shall be denied as a matter of law.

IT IS FURTHER ORDERED that the respondent's removability on both charges contained in the Notice to Appear has been established by evidence which is clear and convincing.

IT IS FURTHER ORDERED that the respondent shall be removed from the United States to Mexico on the charges contained in the Notice to Appear.

GEORGE P. KATSIVALIS
United States Immigration Judge

CERTIFICATE PAGE

    I hereby certify that the attached proceeding before JUDGE GEORGE P. KATSIVALIS, in the matter of:

DOMINGO CUETO ESTRADA

A 93 031 549

Chicago, Illinois

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

Sharon L. Cooper / Transcriber

Free State Reporting, Inc.
1378 Cape St. Claire Road
Annapolis, Maryland  21401
(301) 261-1902

October 26, 2007
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia  22041*

**Valenzuela, Claudia, Esquire**
**208 South LaSalle, Suite 1818**
**Chicago, IL  60604-0000**

**Office of the District Counsel-DHS/CHI**
**55 East Monroe Street, Suite 1700**
**Chicago, IL  60603**

**08 C 50042**

Name: **CUETO ESTRADA, DOMINGO**                    A93-031-549

                                        Date of this notice: 1/24/2008

Enclosed is a copy of the Board's decision and order in the above-referenced case.

                    Sincerely,

                    *Donna Carr*

                    Donna Carr
                    Chief Clerk

Enclosure

Panel Members:
        MILLER, NEIL P.

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A93 031 549 - Broadview, IL

Date:    IJAN 2 4 2008

In re: DOMINGO CUETO-ESTRADA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Claudia Valenzuela, Esquire

ON BEHALF OF DHS:  William Padish
                               Assistant Chief Counsel

CHARGE:

Notice:  Sec.    212(a)(2)(A)(i)(II), I&N Act [8 U.S.C. § 1182(a)(2)(A)(i)(II)] -
                   Controlled substance violation

            Sec.    212(a)(6)(A)(i), I&N Act [8 U.S.C. § 1182(a)(6)(A)(i)] -
                   Present without being admitted or paroled

APPLICATION:   Cancellation of removal under section 240A(a)

The respondent is a native and citizen of Mexico.  He has appealed from the April 19, 2007, decision of the Immigration Judge, which found him removable as charged, and pretermitted his application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a). The Department of Homeland Security (hereinafter "DHS") has submitted a response brief requesting that the Immigration Judge's decision be affirmed.  The respondent has also submitted a motion to remand the record to the Immigration Judge.  The respondent's appeal will be dismissed, and the motion will be denied.

On appeal, the respondent argues that even if the Immigration Judge and this Board are without jurisdiction to review the decision of a district director to rescind the respondent's lawful permanent resident status, the Immigration Judge nevertheless had (and the Board now has) the authority to assess the validity of the rescission of the respondent's lawful permanent resident status, in order to determine his statutory eligibility for relief under section 240A(a) of the Act.  We are unpersuaded by the respondent's appellate contentions, and find that the Immigration Judge properly decided the respondent's case in light of our holding in *Matter of Rodriguez-Esteban*, 20 I&N Dec. 88 (BIA 1989) (finding no jurisdiction to reconsider the district director's decision rescinding the alien's permanent resident status). *Cf. Szczesny v. Ashcroft*, 358 F.3d 464 (7th Cir. 2004) (rejecting similar arguments, where alien failed to timely raise due process arguments relating to the district director's rescission of his lawful permanent resident status, allegedly without prior notice). We further find the respondent's efforts to distinguish his circumstances from those at issue in *Matter of Rodriguez-Esteban, supra*, to be unavailing. Consequently, we adopt and affirm the decision of the

A93 031 549

Immigration Judge. *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision").

The respondent also mentions on appeal that proceedings were ultimately terminated in *Matter of Rodriguez-Esteban*, *supra*, and makes an alternative request that the Board remand the case to the district director for further consideration of his motion to rescind/cancel decision to rescind lawful permanent resident status. We note that the district director has already issued a decision declining to consider the respondent's motion, based on the untimeliness of the motion and as a matter of the district director's discretion. *See* Exhs. 6, 8. Moreover, the respondent has not requested that we terminate proceedings in the instant case. As the issue of termination of proceedings is not properly before us, we need not address such issue.

Turning next to the respondent's motion to remand, we treat such motion as a motion to reopen, as it seeks to submit additional evidence in support of the respondent's claim. The respondent's motion must therefore comply with the general requirements for filing a motion to reopen. *See generally Matter of Opara*, 23 I&N Dec. 1 (BIA 2000); *Matter of Coelho*, 20 I&N Dec. 464 (BIA 1992) (stating that where a motion to remand is really in the nature of a motion to reopen, it must comply with the substantive requirements for a motion to reopen). The respondent has not established, however, that his affidavit submitted with his motion was previously unavailable or undiscoverable to him, or could not have been submitted to the Immigration Court along with other documents that the respondent submitted prior to his final hearing before the Immigration Judge. *See* 8 C.F.R. § 1003.2(c)(1) (outlining substantive requirements for motion to reopen). *Cf., e.g.*, Exh. 7 (respondent's application for cancellation of removal, with attached statement in support of request for fee waiver, but devoid of any affidavit or other evidence regarding the alleged lack of notice relating to the rescission of the respondent's lawful permanent resident status).

Moreover, as discussed above, we agree with the Immigration Judge that neither the Immigration Judge nor this Board has jurisdiction to review the decision of the district director to rescind the respondent's lawful permanent resident status. *See generally Matter of Rodriguez-Esteban*, *supra*. Consequently, the respondent has also failed to establish the materiality of the newly submitted affidavit, which seeks to undermine the validity of the district director's decision. *See* Respondent's Motion at Attachment A. *See also* 8 C.F.R. § 1003.2(c)(1). Based on the foregoing, we find that the respondent has not met his "heavy burden" of establishing that remand is warranted. *See generally Matter of Coelho*, *supra*.

Finally, with regard to the respondent's due process arguments, we note that the respondent did not contest his removability, challenging instead only the pretermission of his application for the discretionary relief of cancellation of removal. *See, e.g.*, Respondent's Brief at iii.-v.; Tr. at 16-17, 57-58. As such, we find the respondent's due process arguments to be unpersuasive in light of controlling precedent. *See, e.g., Dave v. Ashcroft*, 363 F.3d 649, 653 (7th Cir. 2004) (stating that "in immigration proceedings, [an alien] has no liberty or property interest in obtaining purely discretionary relief . . . and the denial of such relief therefore cannot implicate due process") (citation omitted).

A93 031 549

Accordingly, the following orders shall be entered:

ORDER:  The appeal is dismissed.

FURTHER ORDER:  The motion is denied.

FOR THE BOARD

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

March 6, 2008

*Before*

FRANK H. EASTERBROOK, *Chief Judge*    **08 C 50042**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

```
DOMINGO CUETO ESTRADA,           ] Petition for Review of
        Petitioner,             ] an Order of the Board of
                                 ] Immigration Appeals
No. 08-1226              v.       ]
                                 ] No. A93-031-549
MICHAEL B. MUKASEY,              ]
        Respondent.             ]
                                 ]
```

The following are before the court:

1.  **PETITIONER'S MOTION TO STAY REMOVAL PENDING PETITION FOR REVIEW**, filed on January 29, 2008, by counsel.

2.  **RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR A STAY OF REMOVAL**, filed on February 12, 2008, by counsel.

3.  **PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO MOTION TO STAY REMOVAL PENDING PETITION FOR REVIEW**, filed on February 13, 2008, by counsel.

**IT IS ORDERED** that #1 is **GRANTED**.  Petitioner's removal is **STAYED** pending resolution of this appeal.